UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| XINHAI H., | No. 1:26-cv-02622-TLN-CSK |
| Petitioner, | A # 226-113-581 |
| v. |  |
| TIM ROBBINS, et al., | **ORDER** |
| Respondents. |  |

This matter is before the Court on Petitioner Xinhai H.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order ("TRO") (ECF No. 8) and Respondents' Motion to Dismiss (ECF No. 7). For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.) Petitioner's Motion for TRO is DENIED as moot. (ECF No. 8.) Respondents' Motion to Dismiss is DENIED. (ECF No. 7.)

///

///

///

---

[1]  As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

Petitioner is an asylum-seeker who entered the United States without inspection on or about July 13, 2024.  (ECF No. 1 at 7.)  Petitioner was subsequently detained by Immigration and Customs Enforcement ("ICE") for approximately two months.  (*Id.*)  On September 10, 2024, Petitioner was interviewed by an Asylum Pre-Screening Officer.  (*Id.*)  After establishing a credible fear of persecution, Petitioner was transferred from expedited removal proceedings to full removal proceedings.  (*Id.*)  On September 24, 2024, Petitioner was released into the United States on his own recognizance.  (*Id.*)

In the time that followed, Petitioner lived in Flushing, New York.  (*Id.*)  He maintained a stable residence, developed significant ties to the community, and complied with all immigration reporting requirements including scheduled check-ins with ICE.  (*Id.*)  Petitioner has no criminal history and maintains that he is neither a flight risk nor a danger to the community.  (*Id.* at 7–8.)

On January 16, 2026, Petitioner was detained by immigration authorities when he reported to ICE for his routine check-in.  (*Id.* at 8.)  Petitioner requested bond re-determination on February 20, 2026 and April 3, 2026, but was denied both times on the basis of lack of jurisdiction.  (*Id.*)  He is currently detained at the California City Corrections Center.  (*Id.* at 2.)

On April 7, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus challenging the lawfulness of his civil detention and seeking immediate release.  (*Id.* at 14–15.)  The Court referred this matter to the assigned Magistrate Judge, who directed Respondents to file an answer or motion to dismiss.  (ECF Nos. 4, 6.)  On April 9, 2026, Respondents filed a Motion to Dismiss in which they informed the Court that they do not intend to file any additional affirmative briefing.  (ECF No. 7 at 1.)  That same day, Petitioner filed a Motion for TRO.  (ECF No. 8.)  Respondents opposed.  (ECF No. 9.)  As Respondents have provided the entirety of their response to the habeas petition, and in the interest of judicial economy, the Court now rules directly on the Petition for Writ of Habeas Corpus.  *See* Fed. R. Civ. P. 65(a)(2); 28 U.S.C. § 2243.

---

[2]    These facts are taken from Petitioner's habeas petition.  (ECF No. 1.)  Respondents do not dispute these facts.  (*See generally* ECF Nos. 7, 9.)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 14–15.) In their motion to dismiss, Respondents contend Petitioner has no liberty interest because he is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)").[3] (ECF No. 9 at 1–2.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there

---

[3] Respondents move to dismiss the habeas petition on the sole basis that Petitioner is an "applicant for admission" and is therefore subject to mandatory detention under § 1225(b)(2) and has no liberty interest. (ECF No. 7 at 1–2.) The Court will consider Respondents' position in the context of ruling on the merits of the habeas petition and will not separately address their motion.

exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A.    Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a protected liberty interest in his continued freedom. The Government's decision to release Petitioner on recognizance was an "implicit promise" that he would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. *Morrissey*, 408 U.S. at 482. Petitioner maintains that he complied with the conditions of his release. Respondents do not refute this. Petitioner thus has a clear liberty interest in his continued freedom protected by the Fifth Amendment. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened his liberty interest).

The Court is not persuaded by Respondents' argument that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2). Courts throughout the Ninth Circuit, including this one, have repeatedly rejected Respondents' position. *See e.g.*, *Hortua v. Chestnut*, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of

the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases). Respondents put forth no new arguments or facts justifying a different conclusion in this case.

Therefore, for the aforementioned reasons and consistent with the Court's numerous prior rulings, the Court finds Petitioner has a clear interest in his continued liberty protected by the Due Process Clause.

### B.   Process Required

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the Government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe*, 787 F. Supp. 3d at 1094 ("The lengthy duration of his conditional release as well as the meaningful connections Petitioner seems to have made with his community during that time create a powerful interest for Petitioner in his continued liberty.").

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special

5

justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. As Petitioner has no criminal history and has complied with the conditions of his release, the risk that Petitioner is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination hearings are routine processes for Respondents and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. He received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.[4]

**IV.    CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED:

1.    Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2.    Respondents' Motion to Dismiss (ECF No. 7) is DENIED.

3.    Petitioner's Motion for TRO (ECF No. 8) is DENIED as moot.

4.    Respondents must IMMEDIATELY RELEASE Petitioner (A # 226-113-581) from custody under the same conditions he was released prior to his current detention. *See Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC, 2025 WL 2791778, at *11 (E.D. Cal. Aug. 20, 2025)

---

[4] Petitioner also challenges his detention as violating the Immigration and Nationality Act. (ECF No. 1 at 14.) As the Court concludes Petitioner's detention violates the Constitution, the Court need not address Petitioner's statutory claim.

(status quo ante is "the last uncontested status which preceded the pending controversy.").  At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.

5.      Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention.  *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

6.      The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.

7.      The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: April 13, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE